By the Court, Monell, J.
The objection that the contract is void by the statute of frauds, has no foundation. The action, as I understand it, was to recover one sixth of the value of the ferryboat Manhattan, upon the allegation that Morgan and Ehinehart were the owners of that proportion, the whole having been sold by the defendant, and *412 the only evidence required to sustain the action, which was for money had and received, was to show' the extent of Morgan and Rhinehart’s interest in the steamboat. That was shown sufficiently, I think, by the letter of Clyde to them, admitting that their interest in the Manhattan was the same as in the Tallaoca.
The interest of Morgan and Rhinehart was denied by the defendant, and if it could he proved by the admission of Clyde either in writing or verbally, it was'sufficient. It was not necessary to prove a contract of sale and purchase, by which one party transfers title to property to another, but merely that Morgan and Rhinehart and the defendant were co-owners of the ferryboat. That could as well be proved by the. admission of the defendant, as in any ether way. If, being joint owners, the defendant sold the whole, he is liable for the value of the other interests, and the only question was the extent of such interests.
There was, therefore, no question arising under the statute of frauds.
The consideration for the interest of Morgan and Rhine-hart, was sufficient. It was services rendered in and about the defendant’s business, and it was left to the jury to determine whether the agreement was that Morgan and Rhinehart were to receive the one sixth interest on account of the services which they allege they rendered to the defendant.
I have looked into the other exceptions taken by the defendant but do not think any of them tenable..
This is a simple action for money had and received to the plaintiffs’ use, and was sustained by proof of the interest of Morgan and Rhinehart and the sale by the" defendant.
• I think the judgment and order should be affirmed,' with costs.